Alan Y. Levine Deputy Director Department of Administration 1525 Sherman Street, 7th Floor Denver, Colorado 80203
Dear Mr. Levine:
You requested an opinion in your October 12, 1979 letter on questions related to the disposition of illegally parked cars upon state property, and whether fines levied in violation therefor can be properly paid to the State of Colorado. The questions posed follow.
QUESTIONS PRESENTED AND CONCLUSIONS
1. What is the authority of the Department of Administration in directing that illegally parked cars be ticketed or towed away?
 The Department of Administration retains authority to have illegally parked cars in non-Capitol state lots towed.
2. Can the Department of Administration direct that fines resulting from tickets for illegally parking in a state lot be paid to the State of Colorado, rather than the City and County of Denver.
 The department does not presently have the authority to require that tickets for illegally parking on private property be paid to the State of Colorado.
ANALYSIS
Regarding question #1, C.R.S. 1973, 24-82-104, as amended, cedes, grants and conveys to the City and County of Denver the right of regulation and control of the use of the driveways existing upon the State Capitol grounds, extending from Colfax Avenue to Fourteenth Avenue and connecting with Sherman Street, forparking or other traffic purposes. The City and County of Denver is granted control only for the purposes specified in this statute.
C.R.S. 1973, 24-82-105(1)(a), enacted May 18, 1979, provides the City and County of Denver is granted jurisdiction ". . . to enforce the laws of the State of Colorado . . . and in addition . . . the ordinances of the City and County of Denver in effect on the effective date of this subsection (1) . . ." for security of persons and property in the State Capitol Buildings Group. The State Capitol Buildings Group is defined as ". . . those state-owned buildings, together with the state-owned grounds adjacent thereto, in the City . . . of Denver within the area bounded on the north by Sixteenth Avenue, on the west by Broadway, on the south by Eleventh Avenue, and on the east by Grant Street. . . ." C.R.S. 1973, 24-82-105(1)(a). This area includes the parking lots about which you inquired.
C.R.S. 1973, 24-82-104 is a clear, direct grant ofcontrol to the City and County of Denver. In contrast, C.R.S. 1973, 24-82-105 is only a grant of jurisdiction authorizing the City and County of Denver to enforce laws and ordinances for the security of persons and property in the State Capitol Buildings Group. Section 104 is a grant of whatever power the state may have had over the driveways on the State Capitol grounds; section 105 is only a grant of jurisdiction which is not exclusive.
The violation for illegally parking in a state parking lot is parking on private property, as you have indicated. Because it is private property, as opposed to a public thoroughfare such as the State Capitol driveways (C.R.S. 1973, 24-82-104), the Department of Administration may arrange with a towing company to tow away illegally parked cars in state parking lots, except any such lots on the State Capitol grounds.
You should note that the jurisdiction granted the City and County of Denver to enforce state laws and Denver ordinances is repealed July 1, 1981 (C.R.S. 1973, 24-82-105(1)(b)).
As a precautionary measure, you should check with the City and County of Denver in order to establish procedures to minimize or eliminate the department's liability for towing cars. Further, full and adequate notice that an illegally parked car may be towed, with the appropriate number to call, should be prominently posted in all parking lots.
Regarding question #2, under C.R.S. 1973, 24-82-105, the City and County of Denver has the jurisdiction to impose its own tickets and fines on a car parked in violation of an ordinance. It would seem that without express statutory authority, the Department of Administration must require such fines to be paid to the City and County of Denver, at least until July 1, 1981, when C.R.S. 1973,24-82-105(1) is repealed. Thereafter, state rules and regulations should govern the procedures and ultimate collection of fees and charges for illegally parking on state property. However, it should also be noted that crimes cannot be created by regulation.
For meter-type violations, you could examine the procedures currently used by private parking lot operators to obtain payment of the amount due.
SUMMARY
The Department of Administration retains authority to have illegally parked cars in non-Capitol state lots towed. The department does not presently have the authority to require that tickets for illegally parking on private property be paid to the State of Colorado.
Very truly yours,
 J.D. MacFARLANE Attorney General
PARKING PARKING LOTS CAPITOL, STATE
C.R.S. 1973, 24-82-104
C.R.S. 1973, 24-82-105(1)(a)
ADMINISTRATION, DEPT. OF Capitol Buildings Section
The Department of Administration retains authority to have illegally parked cars in non-capitol state lots towed. The department does not presently have authority to require that tickets for illegally parking on private property be paid to the State of Colorado.